# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D45569
C/htr

_____AD3d_____

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
PETER B. SKELOS
SANDRA L. SGROI, JJ.

---

2015-00352

OPINION & ORDER

In the Matter of Daniel J. Halloran, admitted as Daniel James Halloran, an attorney and counselor-at-law.

Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Daniel J. Halloran, respondent.

(Attorney Registration No. 3031911)

---

Motion by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 23, 2003, under the name Daniel James Halloran.

Diana Maxfield Kearse, Brooklyn, N.Y. (Sharon Gursen Ades of counsel), for petitioner.

PER CURIAM. On July 29, 2014, after a jury trial before United States District Judge Kenneth M. Karas, the respondent was found guilty of (1) conspiracy to commit bribery, in violation of 18 USC § 371 (count 1); (2) conspiracy to commit wire fraud, in violation

of 18 USC §§ 1343, 1346, and 1349 (count two); (3) two counts of travel and use of interstate facilities to commit bribery, in violation of 18 USC § 1952(a)(3) (counts three and six); and (4) wire fraud, in violation of 18 USC §§ 1343 and 1346 (count five). The respondent was convicted for his role in a bribery scheme to allow Malcolm A. Smith, a Democratic member of the New York State Senate, to run on the Republican ticket in the 2013 race for Mayor of New York City. On March 4, 2015, he was sentenced to 60 months of imprisonment on counts one, three, and six, and 120 months on counts two and five, to run concurrently. In addition, he was sentenced to two years of supervised release and a $500 assessment fee.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, and scheme to defraud in the first degree, in violation of Penal Law § 190.65 (*see Matter of Savino*, 121 AD3d 264; *Matter of Thies*, 42 AD3d 37; *Matter of Ashley*, 263 AD2d 70).

A copy of the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was personally served on the respondent on January 12, 2015. He has neither submitted a response nor requested additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment on July 29, 2014.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Daniel J. Halloran, admitted as Daniel James Halloran, is disbarred, effective July 29, 2014, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

ORDERED that the respondent, Daniel J. Halloran, admitted as Daniel James Halloran, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel J. Halloran, admitted as Daniel James Halloran, is commanded to desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that if the respondent, Daniel J. Halloran, admitted as Daniel James Halloran, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).

ENTER: Aprilanne Agostino

Aprilanne Agostino
Clerk of the Court